FILED
CLERK, U.S. DISTRICT COURT

4/12/24

CENTRAL DISTRICT OF CALIFORNIA
BY: ___mz___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAVERICK MILES NEHEMIAH,, an individual, Plaintiff, vs. ROLLING STONE LLC, PENSKE MEDIA CORPORATION, SUITE57 LLC, SEAN WILLIAMS, an individual, MARIA FONTURA, an individual, JUDITH R. MARGOLIN, an individual, MONTY ROSS an individual, and SGT. CHERYL FORD DORSEY an individual, Defendants | ) CASE No.<br>) **2:2023-CV-07430-AB-AGR**<br>)<br>)<br>) **PLAINTIFFS RESPONSE TO**<br>) **ORDER TO SHOW CAUSE**<br>) **AND MOTION TO DISMISS**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Action Filed: September 5, 2023<br>)<br>) |

To the Clerk of the United States District Court for the Central District of California: Plaintiff, Maverick Miles Nehemiah hereby is writing in response to the Order to Show Cause ("OSC") and the Motion to Dismiss filed in the above-mentioned case. In the Defendant's motion to dismiss, you assert that the Plaintiff has not established the necessary diversity jurisdiction over the remaining parties, Sean Williams, Suite 57 LLC, and Monty Ross. Defendants argue that the Plaintiff has failed to provide sufficient evidence of citizenship for these parties.

**First,** while it is true that the Plaintiff has not explicitly addressed the issue of diversity jurisdiction in their recent filings, it is important to note that they have conceded the lack of complete diversity in other related motions. Specifically, in Plaintiff's Motion to Dismiss (Dkt. No. 33) and Plaintiff's Response to Diversity of Citizenship of All Parties (Dkt. No. 36), the Plaintiff has acknowledged the jurisdictional deficiencies concerning certain defendants, including

Rolling Stone, PMC, Ms. Fontoura, Ms. Margolin, and Cheryl Dorsey, and has voluntarily asked the court to dismiss them from the case.

Regarding the remaining defendants, Sean Williams, Suite 57 LLC, and Monty Ross, the Plaintiff's failure to explicitly address diversity jurisdiction in their recent filings does not negate the fact that this Court still retains jurisdiction over these parties. The Plaintiff's acknowledgment of jurisdictional deficiencies concerning other defendants does not automatically imply the same for the remaining parties. Furthermore, while the Plaintiff may not have provided explicit evidence of the citizenship of Suite 57 LLC's owners/members, it is premature to dismiss the case solely on this basis. It is imperative for the court to be apprised that Suite 57 LLC does not possess citizenship in the state of California. Suite 57 LLC is situated at <u>501 Viking Dr #8352, Virginia Beach, VA 23450.</u> The proprietors/members of Suite 57 LLC comprise Myron Campbell, who domiciles, operates, and resides in and is a citizen of Virginia Beach, VA, and Monty Ross, who domiciles, operates, and resides in and is a citizen of Decatur, GA. Furthermore, Sean Williams, is a citizen of London, England domiciling, operating, and residing in Wellington, New Zealand, does not hold citizenship in California or the United States of America.

The Plaintiff may still have the opportunity to provide such evidence in subsequent filings or proceedings. In conclusion, given the Plaintiff's acknowledgment of jurisdictional deficiencies concerning certain defendants and the absence of explicit evidence addressing diversity jurisdiction over the remaining parties, it would be premature to dismiss the case at this stage.

**Second**, in Defendant's motion there is an argument that the Plaintiff has failed to address the Rolling Stone Defendants' arguments regarding Rolling Stone's status as an indispensable party under Federal Rule of Civil Procedure 19(b). Defendants contend that even if diversity jurisdiction is established for the remaining parties, the case should be dismissed because Rolling Stone's interests are indispensable to the claims arising from the content of an article published in Rolling Stone's magazine and website. While it is true that the Plaintiff's response to the Court's Order to Show Cause did not specifically address the arguments

regarding Rolling Stone's indispensability, it is important to consider the broader context of the case. The Plaintiff has voluntarily dismissed certain defendants, including Rolling Stone, PMC, Ms. Fontoura, Ms. Margolin, and Ms. Dorsey, thereby indicating an understanding of jurisdictional deficiencies concerning those parties. However, the Plaintiff's failure to explicitly address Rolling Stone's indispensability in their response does not automatically validate the necessity of Rolling Stone's presence in the case.

Furthermore, the cases cited by the Rolling Stone Defendants, Steel Co. v. Citizens for a Better Environment and Grupo Dataflux v. Atlas Global Group, L.P., do not directly support the proposition that Rolling Stone is indispensable in this case. While these cases discuss the importance of indispensability in certain contexts, they do not definitively establish Rolling Stone's indispensability to the claims at hand.  It is also worth noting that Rolling Stone's status as the publisher of the allegedly defamatory article does not automatically render it indispensable to the claims against the remaining defendants. The Plaintiff's claims against Sean Williams, Suite 57 LLC, and Monty Ross involve distinct issues separate from those related to Rolling Stone's publication of the article. Chiefly, the tortious interference of defendant Sean Williams and the participation and collusion of defendants Monty Ross and Suite 57 LLC.

Additionally, the Plaintiff's dismissal of Ms. Fontoura and Ms. Margolin does not necessarily affect Rolling Stone's indispensability. Their roles and connections to the case are distinct from Rolling Stone's, and their dismissal does not address the question of Rolling Stone's indispensability to the claims arising from the article. In conclusion, while the Plaintiff may not have explicitly addressed Rolling Stone's indispensability in their response, the arguments presented by the Rolling Stone Defendants do not conclusively establish Rolling Stone's status as an indispensable party in this case. Therefore, Plaintiff requests the Defendants Motion to Dismiss be denied.

Dated: April 12, 2024              Signed__/s/ *Maverick Miles Nehemiah*

                                          Maverick Miles Nehemiah

                                          12653 Osborne St

                                          Hanger GM-12

                                          Pacoima, CA 91331

                                          213-260-5297